E. GRADY JOLLY, Circuit Judge,
specially concurring:
Although I agree with many of the majority’s observations and conclusions in this case, I would not decide this case under the Fourteenth Amendment’s Substantive Due Process doctrine. I would hold that the plaintiffs have alleged facts sufficient to support a Fourteenth Amendment procedural due process claim.
The Fourteenth Amendment’s Due Process Clause guarantees parents the right to a process that is fundamentally fair before having their children removed from their custody. Santosky v. Kramer, 455 U.S. 745, 753-54, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Based on the allegations asserted in this case, the parents were deprived of fundamentally fair procedures when a state actor (Dearborne) intentionally sought to have fraudulent evidence introduced into the procedures provided by the state. ' Furthermore, the right violated here — the right to have fundamentally fair procedures before the state can remove a child from its parents — was a clearly established right: If a right to “fundamentally fair procedures” means anything, it means the right to a process not purposely influenced with fraudulent evidence by a state actor.
That this case is properly seen as presenting a procedural, and not substantive, due process claim is evident from the Supreme Court’s articulation of the purpose of the Due Process Clause. The Supreme Court has described this purpose as one “to secure the individual from the arbitrary exercise of the powers of government.” Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Procedural due process accomplishes this end “[b]y requiring the government to follow appropriate procedures when its agents decide to ‘deprive any person of life, liberty, or property ... ’ ” Id. In contrast, the substantive due process doctrine
bar[s] certain government actions regardless of the fairness of the procedures used to implement them, [and the doctrine thereby] serves to prevent governmental power from being “used for purposes of oppression.”
*676 Id. (citations omitted). Under the allegations in the instant case, the plaintiffs were subjected to patently unfair procedures through Dearborne as a state actor, and, consequently, the government arbitrarily, and unconstitutionally, denied them custody of their child as a matter of procedure.
Thus, it seems to me that the majority ignores the Supreme Court’s recent iteration of the long established rule that “where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the plaintiffs] claims.” County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 1714, 140 L.Ed.2d 1043 (1998) (citations and quotation marks omitted) (describing this as “the rule in Graham ” [1]). Although this rule speaks of a “particular amendment” preempting consideration of the claim under the substantive due process doctrine, the reason for the rule in Graham — that the Supreme Court has “always been reluctant to expand the concept of substantive due process”[2] — makes clear to me that an analysis under the procedural due process doctrine should preempt our consideration of the plaintiffs’ claim under the doctrine of substantive due process. Thus, while I concur with the majority that the case must be remanded,[3] I respectfully disagree with the majority’s analysis of the plaintiff’s allegations as a substantive due process claim.

. Lewis, 118 S.Ct. at 1714 (quoting Collins v. Marker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)).

. I agree with the majority’s disposition of the plaintiffs’ claims involving the right to bodily integrity and freedom from sexual harassment, the Individuals with Disabilities Education Act, and state law.